## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

**Civil Action Number:  1:17-cv-07949**

ANCEL MONTENELLI,

     Plaintiff,

vs.

BURGER EMPIRE LLC
d/b/a BUSY BURGER
and JOHN DOE,

     Defendants.

---

## AMENDED COMPLAINT

---

     Plaintiff, Ancel Montenelli, by and through his undersigned counsel, hereby files this Amended Complaint and sues Defendant Burger Empire, LLC and Defendant John Doe for injunctive relief pursuant to 42 U.S.C. §§12181-12189 of the Americans with Disabilities Act ("ADA") and 28 C.F.R. Part 36 and alleges:

### JURISDICTION

     1.     This is an action for declaratory and injunctive relief pursuant to Title III of the Americans With Disabilities Act, 42 U.S.C. §§12181-12189 ("ADA").  This Court is vested with original jurisdiction under 28 U.S.C. §1331.

     2.     Venue is proper in the Court, pursuant to 28 U.S.C. §1391(b) in that all events giving rise to this lawsuit occurred within the Northern District of Illinois.

     3.     The remedies provided by Illinois Statute §740 (the Illinois Human Rights Act 775 ILCS Sec 1-102) are not exclusive, and state administrative remedies need not be exhausted in connection with suits brought under the ADA.

## PARTIES

4.      Ancel Montenelli (hereinafter referred to as "Plaintiff") is a resident of the state of Illinois. The Plaintiff suffers from spinal cord injury and uses a wheelchair for mobility, thus suffers from what constitutes as a "qualified disability" under the Americans with Disabilities Act ("ADA").  The Plaintiff's disability is defined in 42 US Code §12012 (1)(A) and in 42 U.S.C. 3602 §802(h).

5.      Defendant Burger Empire, LLC (also referenced as "Defendant Burger Empire") is an Illinois corporation doing business as "Busy Burger." Burger Empire is authorized to conduct, and is conducting business within the State of Illinois.

6.      On information and belief, at all times material hereto, Burger Empire, LLC is the lessee of the real property located at 1120 West Taylor Street, Chicago, Illinois 60607. Burger Empire, LLC owns and operates a restaurant called "Busy Burger" at this location.  Busy Burger restaurant is the subject of this action and is also referred to as "Subject Facility," "place of public accommodation," and/or as "restaurant".

7.      The identity of the owner of the subject property is not known by the Plaintiff. Therefore, the owner of the subject property is referenced throughout as Defendant John Doe (also referenced as "owner," (of the Subject Facility) or "lessor" (of the Subject Facility). When the identity of John Doe is established through discovery in this instant action, Plaintiff intends to amend the complaint to name the owner with specificity.

8.      The subject property owned by Defendant John Doe is located within the State of Illinois and with the jurisdiction of this court.

9.     At all times material hereto, Defendant John Doe is (and has been) the owner of the real property which is the Subject Facility which is delineated herein.  At all times material hereto, Defendant John Doe has leased the Subject Facility to the lessee, Burger Empire.

10.     All events giving rise to this lawsuit occurred in the State of Illinois. Venue is proper in this Court as the real property and the business operated within the real property is located within the jurisdiction of this Court.

11.     The Subject Facility is defined as a place of public accommodation pursuant to 42 U.S.C. §12181(7)(B) because it is a restaurant which is open to the general public which offers, among other things, hamburgers and drinks.

12.     On September 29, 2017, the Plaintiff personally visited the Busy Burger restaurant with the intention of purchasing a meal.  The Plaintiff was denied full and equal access because the entrance to the Subject Facility contained two steps and no ramp at the front entrance, which prohibited the Plaintiff's ability to enter (maneuver himself and his wheelchair) into the restaurant without assistance. Furthermore, inside the restaurant, the bathroom is/was not accessible due to the fact that there are no handrails within the toilet compartment. Hence, the Subject Facility was not readily accessible.

13.     The Plaintiff left the Busy Burger restaurant embarrassed and humiliated over being unable to enter the place of public accommodation, twenty-five years after the passage of the ADA.  For confirmation of visit, see Exhibit A.

14.     The Plaintiff was denied full and equal access to, and full and equal enjoyment of, the facilities at the Busy Burger, a place of public accommodation, all in violation of the ADA.

15.     As a result of the Defendants' discrimination, the Plaintiff has suffered loss of dignity, mental anguish, physical harm, and other tangible injuries.

16.     Any and all requisite notice has been provided.

17.     The Plaintiff has been obligated to retain the law offices of Scott R. Dinin, P.A. and has agreed to pay a reasonable fee for services in the prosecution of this cause, including costs and expenses incurred.   Plaintiff is entitled to recover those attorney's fees, costs and expenses from the Defendant pursuant to 42 U.S.C. §12205.

## COUNT I – VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT

18.     Plaintiff re-alleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 herein above.

19.     The Americans with Disabilities Act ("ADA") is landmark Civil Rights legislation that is the result of decades of advocacy to improve the lives and role in society of all persons with disabilities.  The ADA was enacted and effective as of July 26, 1990.  The ADA legislation has been protecting disabled persons from discrimination due to disabilities for 25 years.  As such, all public accommodations and facilities have had adequate time for compliance.

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number shall increase as the population continues to grow older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against disabled individuals continue to be a pervasive social problem, requiring serious attention;

(iii)   discrimination against disabled individuals persists in such critical areas as employment, housing, public

accommodations, transportation, communication, recreation, institutionalization, health services, voting and access to public services and public facilities;

(iv)    Individuals with disabilities continually suffer forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, failure to make modifications to existing facilities and practices. Exclusionary qualification standards and criteria, segregation, and regulation to lesser services, programs, benefits, or other opportunities; and,

(v)    the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our country is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42  U.S.C. §12101(a)(1)-(3), (5) and (9).

21.    Congress explicitly stated that the purpose of the ADA was to:

(i)    provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)    provide clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and,

(iii)    invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced on a daily by people with disabilities.

42  U.S.C. §12101(b)(1)(2) and (4).

22.    Pursuant to 42 U.S.C. §12181(7)(B) and 28 C.F.R. §36.104, the Subject Facility (commonly known as Busy Burger) is a place of public accommodation in that it is a restaurant open to the general public.  As a place of public accommodation, it is under the requirements of the ADA and must be in compliance therewith.

23.     As the owner and lessor (to others) of a restaurant, Defendant John Doe is defined as a "Public Accommodation" within meaning of Title III because Defendant John Doe is a private entity which owns, leases, leases to others, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B) and the Illinois Human Rights Act, as codified at 775 ILCS 5.

24.     As the operator and lessee of a restaurant, Burger Empire is defined as a "Public Accommodation" within meaning of Title III because Burger Empire is a private entity which owns, leases, leases to others, or operates a restaurant; 42 U.S.C. §12182, §12181(7)(B); 28 C.F.R. §36.104 and the Illinois Human Rights Act, as codified at 775 ILCS 5.

25.     The Defendant John Doe (as owner/lessor) and Burger Empire (as operator/lessee) have discriminated (in derogation of 28 C.F.R. Part 36).

26.     The Defendant John Doe (as lessor and owner of the Subject Facility) and Defendant Burger Empire, LLC (as lessee and operator of the Subject Facility) have discriminated, and continue to discriminate, against the Plaintiff (and others who are similarly situated) by denying full and equal access to, and full and equal enjoyment of, goods, services, facilities, privileges, advantages and/or accommodations at the Subject Facility, in derogation of 42 U.S.C. §12101 et. seq., and as prohibited by 42 U.S.C. §12182 et. seq., and by failing to remove architectural barriers pursuant to 42 U.S.C. §12182(b)(2)(a)(iv), where such removal is readily achievable.

27.     Plaintiff has been unable to, and continues to be unable to, enjoy full and equal safe access to, and the benefits of, all the accommodations and services offered at the Busy Burger.

28.     Prior to the filing of this lawsuit, the Plaintiff personally visited the restaurant known as Busy Burger with the intention of patronizing the place of public accommodation, but (as an individual with a disability who utilizes a wheelchair for mobility) has been denied adequate accommodation by virtue of being unable to gain access with the use of his wheelchair within the place of public accommodation and therefore suffered an injury in fact.

29.     The Plaintiff continues to desire to patronize the Busy Burger and to purchase a meal in the future, but continues to be injured in that he continues to be discriminated against due to the architectural barrier which remains at the Subject Facility, all in violation of the ADA.

30.     Pursuant to the mandates of 42 U.S.C. §12134(a), on July 26, 1991 (as amended), the Department of Justice, Office of the Attorney General, promulgated Federal Regulations to implement the requirements of the ADA, known as the Americans with Disabilities Act Accessibility Guidelines (hereinafter "ADAAG"), 28 C.F.R. Part 36, under which said Department may obtain civil penalties of up to $75,000 for the first violation and $150,000 for any subsequent violation.

31.     The Subject Facility, which is owned by Defendant John Doe (lessor) and is in the possession and daily operational control of Burger Empire (lessee), is in violation of 42 U.S.C. §12181 et. seq., the ADA and 28 C.F.R. §36.302 et. seq., and is discriminating against the Plaintiff as a result of inter alia, the following specific violations:

i.     Failure of the Defendants to install a ramp with appropriate slope and signage, and/or otherwise provide an accessible and properly designated entrance, as

required by 28 C.F.R. Part 36. These steps represent insurmountable barriers to independent entry to the Subject Facility by the Plaintiff and other individuals who use wheelchairs or electronic scooters.

ii.   Failure of the Defendants to provide an accessible entrance and failure to have signage posted indicating the location of accessible entrance, in violation of 28 C.F.R. Part 36, Section 4.1.2(7)(c).

iii.  As to Defendants, the accessible toilet compartment (stall) in the men's restrooms the accessible toilet compartment stall has no rear wall grab bar, which is in violation of 28 C.F.R. Part 36, Sections 213.3.1 and 213.3.2 of the 2010 ADA Standards For Accessible Design. This is in violation of ADA Code §604.5.2.

iv.   As to Defendant Burger Empire (operator and lessee), failure to provide signage addressing people with disabilities telling them that accessible services are provided as required by 28 C.F.R. Part 36, Section 4.30.4.

32.   Upon information and belief, Defendant John Doe (as owner and lessor) and Defendant Burger Empire, LLC (as operator and lessee) are jointly and severally in violation of other provisions of the ADA at the Subject Facility, and only once a full inspection is done can all said violations be identified.

33.   To date, the readily achievable barriers and other violations of the ADA still exist and have not been remedied or altered in such a way as to effectuate compliance with the provisions of the ADA.

34.   Pursuant to the ADA, 42 U.S.C. §12181 et seq., and 28 C.F.R. §36.304, the Defendants have been required to make the Subject Facility (a place of public accommodation) accessible to persons with disabilities since January 28, 1992.  To date,

the Defendant John Doe (as owner and lessor) and Defendant Burger Empire, LLC (as operator and lessee) have jointly and severally failed to comply with this mandate.

35. Pursuant to 42 U.S.C. §12188, this Court is vested with the authority to grant the Plaintiff's injunctive relief; including an order to alter the Subject Facility to make it readily accessible to, and useable by individuals with disabilities to the extent required by the ADA, and closing the Subject Facility until the requisite modifications are completed.

**WHEREFORE,** Plaintiff, Ancel Montenelli hereby demands judgment against Defendant John Doe (as owner and lessor) and Defendant Burger Empire, LLC (as operator and lessee) and request the following injunctive and declaratory relief:

a) The Court declares that the Subject Facility owned and leased by Defendant John Doe, Inc. and operated, controlled, and/or administrated by Defendant Burger Empire, LLC (the lessee) is in violation of the ADA and order the Subject Facility to be closed to the public until such time that it is deemed by this Court to be accessible;

b) The Court enter an Order requiring Defendant John Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) to alter the Subject Facility to make it accessible to and usable by individuals with disabilities to the full extent required by the Title III of the ADA;

c) The Court enter an Order directing Defendant John Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) to evaluate and neutralize its policies, practices and procedures toward persons with disabilities, for such reasonable time so as to allow the Defendant John

Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) to undertake and complete corrective procedures to the Subject Facility;

d)       The Court award reasonable attorney's fees, compensatory damages, all costs (including, but not limited to court costs and any expert fees), and other expenses of suit, to the Plaintiff, and the Court award reasonable costs and attorneys fees; and

e)       The Court award such other and further relief as it deems necessary, just and proper.

## COUNT II - VIOLATION OF ILLINOIS HUMAN RIGHTS ACT

36.       Plaintiff realleges and incorporates by reference the allegations set forth in ¶¶s 1 – 17 above.

37.       The Defendant John Doe  (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) have violated the Illinois Human Rights Act ("ILHRA"), as codified at 775 ILCS 5.

38.       The ILHRA provides that all individuals within the state of Illinois shall be free from discrimination based upon physical or mental disabilities; 775 ILCS 5/1-102 §1-102(A).

39.       The Plaintiff suffers from a disability included within the definition of disability as delineated within the ILHRA, which states that [a] disability means a determinable physical or mental characteristic of a person including a characteristic which may result from disease, injury, or congenital condition of birth or a functional disorder; 775 ILCS 5/1-103 §1-103(I).

40.     Defendant John Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) own and/or operate a restaurant which is a place of public accommodation, as defined within 775 ILCS 5/5-101(A)(2).

41.      The ILHRA states that it is a civil rights violation for any person to discriminate in the provision of enjoyment of facilities, goods, and services in any public place of accommodation; 775 ILCS 5/5-102(A).

42.     The violations of Illinois law were deliberate and knowing.

43.     Under the ILHRA, as codified at 775 ILCS 5/8, the Plaintiff is entitled to file a civil action against the Defendants in accordance with the code of civil procedure.

        **WHEREFORE,** Plaintiff respectfully prays that this Court grant the following relief against Defendant John Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) including damages costs and reasonable attorney's fees and for the following injunctive relief and declaratory relief:

        a)      A declaration that the Defendant John Doe (as lessor and owner) and Defendant Burger Empire, LLC (as lessee and operator) have owned and/or operated the Subject Facility in violation of the ILHRA and have violated 775 ILCS 5 et. seq in that the Defendants failed to consider and accommodate the needs of disabled persons to the full extent required by Illinois law.

        b)      An Order mandating that Defendants undertake and complete corrective measures to provide equal access to individuals with disabilities within a reasonable time;

        c)      An Order mandating that Defendants expeditiously make all reasonable and appropriate modifications to the Subject Facility to ensure that

persons with disabilities are no longer excluded, denied access, segregated or otherwise discriminated against or treated differently than from the general public;

d)      Award damages including but not limited to mental anguish, loss of dignity, and any other intangible injuries;

e)      Award reasonable costs and attorneys fees; and

f)      Award any and all other relief that may be necessary and appropriate.

Dated this 7th day of December, 2017.

Respectfully submitted,

*s/Scott Dinin.*
Scott R. Dinin, Esq.
Scott R. Dinin, P.A.
4200 NW 7th Avenue
Miami, Florida 33181
Tel: (786) 431-1333
inbox@dininlaw.com
*Counsel for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 7th day of December, 2017, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, and further will serve a copy of this filing by US mail to the counsel as delineated below for Defendant Burger Empire, LLC and as to Defendant John Doe when identified and served, will serve a copy of the foregoing.

Howard A Davis, Esq.
Law offices of Howard A Davis
20 N. LaSalle St. Ste. 1200
Chicago, Illinois 60602
Tel 312-623-0118
Email: hdavis@davislaw1.com
*Counsel for Defendant*